IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IN RE: MOTION FOR PROTECTIVE ORDER
FOR SUBPOENA ISSUED TO THE
STEIN LAW FIRM, in connection with                                      No. MC 05-0033 JB

SECURITIES AND EXCHANGE
COMMISSION,

       Plaintiff,

vs.                                                                                              No. CV 03-9354 JSL (VBK)
                                                                                    United States District Court
JAMES P. LEWIS, individually and doing                                for the Central District of
business as FINANCIAL ADVISORY                                          California
CONSULTANTS, INCOME FUND, LTD.
AND GROWTH FUND, LTD.,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion for Protective Order and/or Alternative Motion to Quash, filed June 13, 2005 (Doc. 1). The Court held a hearing on this motion on October 13, 2005. The primary issue is whether the attorney-client privilege shields from disclosure materials sought by the Respondent receiver in his subpoena. Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court will deny the motion. If the Petitioner Stein Law Firm still believes, after the Court's ruling on certain privilege issues, that some of the requested information contains privileged information, then the Petitioner shall produce a privilege log concerning those items.

## PROCEDURAL HISTORY

This motion arises from a civil enforcement action that the United States Securities and

Exchange Commission filed against James P. Lewis, Jr. in the United States District Court for the Central District of California, <u>Securities and Exchange Commission v. Lewis et al.</u>, Case No. CV 03-9354 JSL (VBK).  In that action, the SEC alleges that Lewis operated a Ponzi scheme to defraud investors of hundreds of millions of dollars.  The federal court in the SEC action appointed Robb Evans as permanent receiver over the Defendants' assets.  The Permanent Receivership Order grants the receiver the power to conduct discovery to locate and take possession, custody, and control of all receivership assets.

After the court in the SEC action issued the Permanent Receivership Order, Lewis retained Scott M. Schlegel and James J. Warner to represent him.  The receiver thereafter made repeated demands for disclosure of the source, timing, and amount of compensation that Mr. Schlegel and Mr. Warner received.  When the attorneys refused to divulge the information, the court in the SEC action ordered the attorneys to comply with the receiver's request.  The attorneys then informed the receiver that the Stein Law Firm was the source of their compensation.

The receiver has subpoenaed records of the Stein Law Firm to determine the source and related information pertaining to the $165,000.00 in post-receivership payments that the Stein Law Firm made to Lewis' criminal defense and civil defense counsel.  The subpoena requests the following documents:

> 1. All Documents, including but not limited to wire transfers, checks and/or cashier's checks (front and back) evidencing or reflecting fees provided by the Company to Scott Schlegel and/or The Law Offices of Scott M. Schlegel identified in the letter dated April 18, 2005, a copy of which is attached hereto as Exhibit 1, including attorneys fees and fees identified "For John P. Semmons CPA, Forensic Accountant."
>
> 2. All Documents, including but not limited to checks and/or cashier's checks (front and back) evidencing or reflecting payments made by the Company to James J. Warner and/or The Law Offices of James J. Warner identified in the letter dated April

>19, 2005, a copy of which is attached hereto as Exhibit 2.
>
>3. All Documents evidencing, reflecting and/or describing the source of the funds for the provision of fees by the Company to Scott Schlegel and/or The Law Offices of Scott M. Schlegel as identified in the letter dated April 18, 2005, a copy of which is attached hereto as Exhibit 1, including attorneys fees and fees identified "For John P. Semmons CPA, Forensic Accountant."
>
>4. All Documents evidencing, reflecting and/or describing the source of the funds comprising the payments by the Company to James J. Warner and/or The Law Offices of James J. Warner as identified in the letter dated April 19, 2005, a copy of which is attached hereto as Exhibit 2.

Exhibit 1 to Subpoena for Production of Documents at 3. The Stein Law Firm has not produced a single document in response to the subpoena.

On June 13, 2005, the Stein Law Firm moved for a protective order or, in the alternative, an order quashing the subpoena issued by the Central District of California on the basis of the attorney-client privilege. The receiver opposes the motion on the grounds that it does not provide enough detail to allow the receiver to contest the privilege claim and that the attorney-client privilege does not apply to the requested information, which includes the name of the Stein Law Firm's client and the client's billing information.

## LAW ON DISCLOSURE OF CLIENT'S IDENTITY AND BILLING INFORMATION

As the United States Court of Appeals for the Tenth Circuit has explained, "[i]t is well recognized in every circuit, including our own, that the identity of an attorney's client and the source of payment for legal fees are not normally protected by the attorney-client privilege." In re Grand Jury Subpoenas, 906 F.2d 1485, 1488 (10th Cir. 1990)(citations omitted). While other circuits have recognized three exceptions to this rule – the legal advice exception, the last link exception, and the confidential communication exception, see id. – the Tenth Circuit has adopted only the confidential

communication exception, see id. at 1488-92. "The confidential communication exception holds that an exception to the general rule that a client's identity is not privileged exists in the situation where the disclosure of the client's identity would be tantamount to disclosing an otherwise protected confidential communication." Id. at 1491 (citations omitted). The confidential communication exception requires that "the advice sought must have concerned the case then under investigation and disclosure of the client's identity would now be, in substance, the disclosure of a confidential communication by the client, such as establishing the identity of the client as the perpetrator of the alleged crime at issue." Id. at 1492.

## ANALYSIS

The Court will deny the Stein Law Firm's motion for a protective order or, in the alternative, to quash the subpoena. The Stein Law Firm argues that the attorney-client privilege protects its client's identity and that client's billing information. The Tenth Circuit, however, has held that the attorney-client privilege does not normally protect the identity of an attorney's client and the source of payment for legal fees. See id. at 1488. Unless the Stein Law Firm can come within some exception to the general rule, the Court should order disclosure of this information. The Stein Law Firm has not, however, shown that the documents come within an exception to the general rule. Indeed, the Stein Law Firm has not produced a privilege log. The Stein Law Firm has not shown, with a log or with any other evidence, that disclosure of the client's identity would be, in substance, the disclosure of a confidential communication by the client; instead, it appears that this information would only tell the receiver who is paying Lewis' attorneys fees. Complying with the subpoena would thus not, by itself, shed light on the means by which the client obtained the money -- i.e., whether the client came by the money legally or illegally. Disclosure would also not explain why the

Stein Law Firm's client is so generous to Lewis. The Court will therefore require the Stein Law Firm to disclose the requested information, including its client's identity.

The Court recognizes that confidential information may be intertwined with non-privileged information. If the Stein Law Firm believes this to be the case, then the Court will require it to produce a privilege log, within twenty days of the hearing, outlining the basis for non-disclosure.

**IT IS ORDERED** that the Motion for Protective Order and/or Alternative Motion to Quash is denied. If confidential information is intertwined with non-privileged information, then the Stein Law Firm will produce a privilege log, within twenty days of the hearing, outlining the basis for non-disclosure.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Stuart L. Stein
Stuart L. Stein, PA
Albuquerque, New Mexico

 *Attorney for the Petitioner*

Gary Owen Caris
Lesley Anne Hawes
Frandzel Robins Bloom & Csato, L.C.,
Los Angeles, California

– and –

Karla K. Poe
Rodey, Dickason, Sloan, Akin & Robb,
Albuquerque, New Mexico

 *Attorneys for the Respondent*